8922 ·

### EX PARTE COLEMAN ET AL.

### IN RE ESTATE OF RICE, DECEASED.

#### (82 S. E. 674.)

Executors and Administrators. · Commissions. Accounting. Choses in Action. Appeal and Error.

1. Executors are not entitled to commissions on moneys paid out and received in operating farms on lands belonging to testatrix, after the current year in which she died, through agents employed by them, and paid out of the funds of the estate.

2. The legal title to choses in action acquired by executors is in them, and an assignment to them is unnecessary when they are held personally liable to the estate for funds due thereon.

3. Executors are chargeable with funds of their estate advanced to a tenant upon the lands of the estate, and not repaid.

4. Exceptions not argued will be deemed abandoned.

Before DeVore, J., Union, September, 1913. Affirmed.

Appeal by William Coleman and F. M. Farr as executors of the estate of Annie E. Rice, deceased, from a decree disallowing credits claimed by them in their final return.

*Messrs. Shand, Benet, Shand & McGowan,* for appellants, submit: *Executors properly worked lands of the estate,* 1 McC. Ch. 338, 1 Rich. Eq. 12, *and are entitled to commissions on such transactions:* 4 DeS. 110, 39 S. C. 253, *distinguished.*

*Messrs. J. P. K. Bryan* and *McDonald & McDonald,* for respondent, cite: 39 S. C. 247 to 253; 13 Rich. Eq. 201; 1 DeS. 542; 1 McC. Ch. 5, 6 and 7.

August 24, 1914.

The opinion of the Court was delivered by Mr. Justice Hydrick.

Appellant's testatrix died in August, 1908, leaving a large estate, especially in farm lands, which were situated in three or four different counties. The executors continued the farming operations during the years 1909, 1910 and 1911, just as testatrix had in her lifetime.

On final settlement, the probate Court allowed them commissions on their receipts and disbursements in connection with the farming operations for the first year, 1908, but held that they were not entitled to commissions on those of the other years, on the ground that it was not their duty to continue the farming operations after 1908, and, also, on the ground that they had employed agents to attend to that business and had paid them out of the funds of the estate. The ruling was correct.

It appears that one C. H. Rice bought lands of the estate from the executors and gave them his bond for the purchase money, which was secured by mortgage of the lands. On settlement, this bond was charged to the executors. They assign error in that the Court did not order a formal assignment of the bond and mortgage to them. No formal assignment is necessary. The bond and mortgage are payable to them, and they have the legal title thereto and the right to collect the amount due thereon, just as they had before the settlement. The decree merely makes them personally liable to the estate for the amount due thereon.

They advanced money of the estate to a negro tenant, named E. Littlejohn, and took his note therefor, which has not been paid. This note was properly charged to them.

The exception assigning error in not correcting the amount found to be due on the note of R. V. Gist, which was charged to the executors, appears to have been abandoned, as it was not argued. At any rate, there is nothing in the record to support it.

Judgment affirmed.